IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNELL L. RHODEN, | No. CIV S-05-2177-DFL-CMK-P |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CALIFORNIA TOWING, | |
| Defendant. | |
| _____/ | |

  Plaintiff, a state prisoner proceeding pro se and in forma pauperis, brings this civil action. Pending before the court is plaintiff's complaint (Doc. 1), filed on October 28, 2005.

  The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Because defendant in this case is not a governmental entity or officer or

1

employee, and because plaintiff has been granted leave to proceed in forma pauperis, the court will screen the complaint pursuant to § 1915(e)(2).

## I. BACKGROUND

Plaintiff claims that defendant engaged in unfair business practices under California law by towing his car, failing to notify him where it was, and eventually selling it and disposing of its contents. Plaintiff's car was towed and impounded incident to his arrest on July 27, 2005. Plaintiff claims that all of his personal belongings were in the car at the time it was towed. Plaintiff states that, several months later, a family member located his car at defendant's yard in Redding, California, but that, shortly thereafter, the car had been sold and all its contents disposed of. Plaintiff seeks monetary damages in the sum of $100,000.

## II. DISCUSSION

The court finds that the complaint fails to state any claim upon which relief can be granted by a federal court. In essence, plaintiff's complaint is a civil action under state law, specifically California's fair business practices statutes. The complaint itself, which is a state court form document, suggests as much. The federal court, as a court of limited jurisdiction, can only hear cases involving federal questions or disputes between citizens of different states. Because plaintiff alleges that both he and defendant are California citizens, the only basis for federal court jurisdiction in this case can be a federal question.

Plaintiff does not allege any claims which would suggest a federal question. At best, plaintiff's complaint could be construed as a civil rights action pursuant to 42 U.S.C. § 1983. However, such actions are only cognizable as against state actors. Private parties, like the defendant in this case, are not acting under color of state law. See Price v. Hawai'i, 939 F.2d 702, 7070-08 (9th Cir. 1991).

It simply appears that plaintiff should have filed this action in state court.

### III.  CONCLUSION

Because it does not appear possible that the deficiencies identified herein can be cured by amending the complaint, plaintiff is not entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

Based on the foregoing, the undersigned recommends that:

1.  This action be dismissed; and

2.  The Clerk of the Court be directed to enter judgment and close this file.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  April 19, 2006.

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE